[Not for Publication]                                        [Doc. No. 61, 63]

## THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

| | | |
|---|---|---|
| **HERBERT COUNCIL,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **Civil No. 06-007(RBK)** |
| | : | |
| **JOHN NASH, et. al.,** | : | |
| | : | |
| **Defendants.** | : | |

## OPINION AND ORDER

This matter is before the Court upon the Motion for Pro Bono Counsel [Doc. No. 61, 63] filed by *pro se* Plaintiff, Herbert Council, seeking appointment of pro bono counsel. Plaintiff argues that the issues involved in this case are rare and complex. Plaintiff further argues that he has a limited knowledge of the law and limited access to the law library because of his prison work schedule. Finally, Plaintiff argues that he is unable to afford counsel. Plaintiff filed his Complaint on January 3, 2006. Plaintiff alleges that he was discriminated against because of his race, retaliated against for seeking redress of grievances and had additional, unwarranted restrictions placed upon him. Defendants, John Nash, C.J. DeRosa, Henry E. McKinnon, Jim Reiser, Kevin Bullock, Bob Donahue, Ronnie Holte, Walter B. Jones, John R. Owens, Scott Dodrill, E.L. Tatum, Harrell Watts, Tarra Moran and "USA," have not filed opposition to Plaintiff's Motion.

Plaintiff seeks appointment of legal counsel pursuant to 28 U.S.C. §1915(e). The court may, pursuant to §1915(e), request an attorney to represent an indigent plaintiff in a civil action. The statute provides in relevant part that:

> (1) [t]he court <u>may</u> request an attorney to represent any person unable to afford counsel. (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that-(A) the allegation of poverty is untrue; or (B) the action or appeal-(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

§1915(e) (emphasis added). However, the appointment of counsel under §1915(e) is a privilege, not a statutory or constitutional right of the litigant. <u>Romano v. Brown</u>, Civil No. 04-4346(FLW), 2006 WL 2376913 at *4 (D.N.J. 2006) (citing <u>Purnell v. Lopez</u>, 903 F.Supp. 863, 864 (E.D.Pa. 1995)). Moreover, a court's power to appoint counsel pursuant to §1915(e) lies in the sole discretion of the court. <u>Parham v. Johnson</u>, 126 F.3d 454, 457 (3d Cir. 1997). <u>See also</u> <u>Tabron v. Grace</u>, 6 F.3d 147, 155 (3d Cir. 1993), <u>cert. denied</u>, 510 U.S. 1196 (1994).  As a preliminary matter, the court is required to determine whether the claim has "some merit in fact and law." <u>Parham</u>, 126 F.3d at 457.

If the court finds the action is not frivolous and has merit, then several factors are taken into consideration:

> (1)  plaintiff's ability to present his or her own case;
> (2)  the complexity of the legal issues;
> (3)  the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation;
> (4)  the amount a case is likely to turn on credibility determinations;
> (5)  whether the case will require the testimony of expert witnesses, and;
> (6)  whether the plaintiff can attain and afford counsel on his or her own behalf.

<u>Tabron</u>, 6 F.3d at 156-157. This list is not exhaustive, nor is any one factor determinative. <u>Id.</u> at 157. <u>See also</u> <u>Montgomery v. Pinchak</u>, 294 F.3d 492, 499 (3d Cir. 2002); <u>Parham</u>, 126 F.3d 454

(3d Cir. 1997); Hamilton v. Leavy, 117 F.3d 742, 749 (3d Cir. 1997); Christy v. Robinson, 216 F.Supp.2d 398, 409 (D.N.J. 2002). These factors ensure that courts will only appoint counsel in non-frivolous matters. Parham, 126 F.3d at 461.  Courts will only consider appointment of counsel where a plaintiff's case appears to have merit and most of the aforementioned factors are met. Parham, 126 F.3d at 461.

Plaintiff asserts a claim for violation of his First, Fifth and Eighth Amendment rights. The Honorable Robert B. Kugler, U.S.D.J., reviewed the threshold question of the merits of Plaintiff's claims in connection with Plaintiff's application to proceed *in forma pauperis* and found that Plaintiff's claims did not warrant *sua sponte* dismissal.  (See February 3, 2006 Order of Judge Kugler [Doc. No. 2]).  Since it has already been determined that Plaintiff's claims against Defendants meet the threshold merit requirement, the Court will now address the Parham factors described above.  See Parham, 126 F.3d at 457.

The first factor for consideration regarding Plaintiff's request for pro bono counsel is his ability to present his own case. In making this determination, the Court should consider the plaintiff's literacy, education, prior work experience, and prior litigation experience.  Tabron, 6 F.3d at 156.  A plaintiff's ability to understand English is also relevant to his ability to present his case.  Id.  Finally, if the plaintiff is incarcerated, the restraints placed upon him by virtue of his confinement should be considered in determining his ability to represent himself.  Id.  This includes the availability of typewriters, photocopiers, telephones and computers.  Id.  Plaintiff argues that he does not have the legal training to properly pursue his claim.  While Plaintiff's lack of legal training may impair his ability to present his case, this situation is not unique to Plaintiff and is faced by many *pro se* litigants.  This fact alone is not sufficient to warrant

3

appointment of counsel.  Plaintiff has presented a reasonably well written Motion and Complaint, which is evidence that he can adequately present his own case at trial.

The second factor for consideration is the complexity of the legal issues presented. In making this determination, a court is more inclined to appoint counsel when the legal issues are complex.  Id.  Where the law is not clear, it will best serve the ends of justice to have both sides of a difficult legal issue presented by those trained in legal analysis.  Id.  However, comprehension alone does not equal the ability to translate understanding into presentation. Parham, 126 F.3d at 459.  Although the ultimate issue may be comprehensible, the court must appreciate the complexity of the discovery involved.  Id.  While the overall scope of the legal concepts involving alleged constitutional violations are not simple, the issues presented by Plaintiff's case are fairly straightforward.  Plaintiff should be able to comprehend the relevant legal principles without the assistance of counsel.

The third factor for consideration is the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation. In making this determination, the court may consider the extent to which prisoners and others suffering confinement face problems in pursuing their claims.  Tabron, 6 F.3d at 156. Further, the court should be aware of an indigent plaintiff's possible difficulties understanding complex discovery rules. Parham, 126 F.3d at 460. Thus, where the claims are likely to require extensive discovery and compliance with complex discovery rules, appointment of counsel may be warranted. Tabron, 6 F.3d at 156.  The factual investigation in this case will most likely involve obtaining information through interrogatories and documents, such as Plaintiff's prison records.  Also, the voluntary rules for disclosure require Defendants to provide Plaintiff with his records concerning

his stay at the relevant facility.  Therefore, the documentation Plaintiff needs to proceed with his claim are readily available through ordinary discovery methods, such as interrogatories and requests for the production of documents.

The fourth factor for consideration is whether a case is likely to turn on credibility determinations. Though many cases turn on credibility determinations, the court should focus on whether the case is largely based on the word of one side against the word of the other side. Parham, 126 F.3d at 460. "Thus, when considering this factor, courts should determine whether the case was solely a swearing contest." Id.  This case is not likely to turn exclusively on credibility determinations because witness testimony is not the sole support for Plaintiff's allegations.  In addition to the testimony of fact witnesses, Plaintiff will be relying upon documentation contained within his prison records to corroborate his version of events, including any reported grievances or records of disciplinary action.

The fifth factor for consideration is the extent expert testimony may be required. Appointed counsel may be warranted where the case will require testimony from expert witnesses. Tabron, 6 F.3d at 156.  At the present time,  it is unclear based upon the evidence provided by Plaintiff in his Motion and Complaint, whether or not expert testimony will be required in this case.  However, at this time it does not appear to the Court that such testimony will be needed.  If expert testimony is needed, the assistance of the Court may be available. See Christy v. Robinson, 216 F.Supp.2d 398, 411 (D.N.J. 2002) (denying appointment of pro bono counsel because Plaintiff's deliberate indifference claims were not overly complex and noting that Court assistance with independent medical examinations eliminated the need for appointment of counsel to assist with expert testimony). The sixth and final factor for

consideration is the plaintiff's financial ability to attain and afford counsel on his own behalf. <u>Parham</u>, 126 F.3d at 461.  Plaintiff is currently incarcerated and, based on the information presented to the Court, he cannot afford his own attorney.

Based upon the <u>Parham</u> factors and the facts as presented to this Court, and for the reasons discussed above, Plaintiff does not meet his burden of proof to require this Court to Order appointment of pro bono counsel.

Accordingly, for all the foregoing reasons,

IT IS on this 1st day of June 2007 hereby

ORDERED that Plaintiff's Motion for Appointment of Pro Bono Counsel is DENIED.


                                        /s/ Joel Schneider
_____
                                        JOEL SCHNEIDER
                                        United States Magistrate Judge

6