(Not for publication) (Docket Entry No. 138)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY
# CAMDEN VICINAGE

_____
                                      :
HERBERT COUNCIL,                      :
                                      :
        Plaintiff,                 :    Civil No. 06-07 (RBK/KMW)
                                      :
        v.                         :    **OPINION**
                                      :
JOHN NASH, et al.,                    :
                                      :
        Defendants.                :
_____:

**KUGLER**, United States District Judge:

    Presently before the Court is a motion by Defendant Henry McKinnon ("McKinnon") for reconsideration of this Court's Opinion and Order of January 22, 2009, in which the Court granted in part and denied in part the motion for summary judgment filed by Defendants McKinnon, Kevin Bullock and James Reiser. Specifically, McKinnon seeks reconsideration of the Court's denial of the motion for summary judgment with respect to the First Amendment retaliation claim against him. For the reasons set forth below, McKinnon's motion for reconsideration will be denied.

**I. BACKGROUND**

    Plaintiff claims that while he was a prisoner at the Federal Correctional Institution at Fort Dix, New Jersey ("FCI Fort Dix"), McKinnon, who was Plaintiff's Unit Manager, and other prison employees retaliated against him for writing to his Congressman. According to Plaintiff,

1

this retaliation consisted of assigning Plaintiff a public safety factor ("PSF") which prevented his transfer to a lower-security facility.

The events giving rise to this action began on June 24, 2004, when Plaintiff's case manager at FCI Fort Dix conducted a custody classification review for Plaintiff and recommended that Plaintiff be moved to a minimum security facility. At this time, Plaintiff's custody classification form did not contain a PSF. Also on June 24, 2004, Plaintiff requested an escorted trip to North Carolina to attend his brother's funeral. Plaintiff wrote to Congressman Melvin Watts, seeking the Congressman's assistance in obtaining a furlough to attend the funeral. Plaintiff's request to attend the funeral was denied. On June 30, 2004, Plaintiff's transfer was denied because a PSF for Phone Abuse was applied. The PSF was based on an April 2002 incident, but had not appeared on several previous custody classification forms in 2004.

On February 3, 2006, Plaintiff filed a complaint against the United States and numerous employees of the Federal Bureau of Prisons, claiming, inter alia, that the application of the Phone Abuse PSF and denial of his transfer constituted retaliation for protected First Amendment activity. The defendants filed two motions for summary judgment. In response to the first motion for summary judgment, the Court dismissed all of Plaintiff's claims except for Plaintiff's First Amendment claim against three defendants, including McKinnon.

The three remaining defendants filed another motion for summary judgment seeking dismissal of all remaining claims. They made three arguments in support of this motion, two of which are relevant to the pending motion for reconsideration. First, they argued that Plaintiff could not show a causal connection between his letter to his Congressman and the decision to

apply a PSF and deny his transfer. Specifically, they argued that they were not personally involved in the decision to apply a PSF and deny the transfer and that the decision was made for legitimate reasons, not because of Plaintiff's protected activity. Second, they argued that even if Plaintiff could establish a causal link between his protected activity and the application of the PSF, the same decision would have been made absent the protected activity for reasons reasonably related to a legitimate penological interest.

In a January 22, 2009 Opinion and Order, this Court granted the summary judgment motion in part and denied it with respect to the First Amendment retaliation claim against McKinnon. McKinnon has moved for reconsideration of this Opinion and Order.

## II. STANDARD

In the District of New Jersey, Local Civil Rule 7.1(i) governs motions for reconsideration. Church & Dwight Co. v. Abbott Labs., 545 F. Supp. 2d 447, 449 (D.N.J. 2008). This rule "permits a party to seek reconsideration by the Court of matters 'which [it] believes the Court has overlooked' when it ruled on a motion." NL Indus., Inc. v. Commercial Union Ins. Co., 935 F. Supp. 513, 515 (D.N.J. 1996) (quoting local rule); see also United States v. Compaction Sys. Corp., 88 F. Supp. 2d 339, 345 (D.N.J. 1999) (noting that party seeking reconsideration must show "that dispositive factual matters or controlling decisions of law were overlooked by the court in reaching its prior decision"). "The standard of review involved in a motion for [reconsideration] is quite high, and therefore relief under this rule is granted very sparingly." United States v. Jones, 158 F.R.D. 309, 314 (D.N.J. 1994) (citing Maldonado v. Lucca, 636 F. Supp. 621, 630 (D.N.J. 1986)). In order to prevail, the party moving for reconsideration must "show[] at least one of the following grounds: (1) an intervening change in the controlling law;

3

(2) the availability of new evidence that was not available when the court [ruled on] the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Max's Seafood Cafe v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (citing North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)).

Rule 7.1(i) does not allow parties to restate arguments which the court has already considered. See G-69 v. Degnan, 748 F. Supp. 274, 275 (D.N.J. 1990). "A motion that merely raises a disagreement with the Court's initial decision is not an appropriate reconsideration motion, but should be dealt with in the normal appellate process." Church & Dwight Co., 545 F. Supp. 2d at 450 (citing Bowers v. Nat'l Collegiate Athletic Ass'n, 130 F. Supp. 2d 610, 612 (D.N.J. 2001)).

### III. DISCUSSION

**A. McKinnon's Involvement in the Decision**

McKinnon argues that the Court overlooked dispositive facts and controlling law in finding that there was a genuine issue of material fact as to his involvement in the decision to apply the PSF and deny Plaintiff's transfer. The Court's finding was based on McKinnon's signature on a custody classification form stating that a decrease in security level was not warranted because of the PSF.

First, McKinnon argues that the Court overlooked the fact, as stated in two declarations, that the custody classification form was updated by Kevin Bullock after Joseph Pecoraio, of the Regional Office, made the decision to deny Plaintiff's transfer and apply the Phone Abuse PSF. Second, McKinnon argues that the Court overlooked the fact that the custody classification form merely documented what Pecoraio had already decided. The Court did not, however, overlook

4

the declarations of Bullock and Pecoraio. In fact, the Court specifically noted these declarations in its prior decision. They constitute evidence that McKinnon was not involved in the decision to deny Plaintiff's transfer and apply the PSF. However, McKinnon's signature on the custody classification form constitutes evidence that he was involved.

Third, McKinnon argues that this Court overlooked the fact that the custody classification form bears the date July 13, 2004, as well as the date June 30, 2004. McKinnon argues that the July date indicates that the form was printed from the Bureau of Prisons' computerized records system on July 13 and signed by McKinnon no earlier than July 13, well after the decision to deny Plaintiff's transfer and apply the PSF was made. While, as McKinnon argues, it can be inferred from the date of July 13 that McKinnon signed the form no earlier than July 13, such an inference need not be made. The interpretation of the form is a task for the trier of fact.

Fourth, McKinnon argues that the fact that he signed the custody classification form does not mean that he was involved in the decision to deny Plaintiff's transfer or assign the PSF. However, whether McKinnon's signature means he was involved in the decision at issue is a determination to be made by the trier of fact.

Fifth, McKinnon argues that in relying on his signature on the custody classification form, this Court overlooked controlling law with respect to the standard to be applied to a summary judgment motion and the standard for a retaliation claim. McKinnon argues that the Court overlooked the following legal principles regarding motions for summary judgment: (1) the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts," Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986); (2) "the nonmoving party must 'make a showing sufficient to establish the existence of

5

[every] element essential to that party's case, and on which that party will bear the burden of proof at trial,'" Serbin v. Bora Corp., 96 F.3d 66, 69 n.2 (3d Cir. 1996) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986)); and (3) the nonmoving party "may not rest upon mere allegations, general denials, or . . . vague statements," Quiroga v. Hasbro, Inc., 934 F.2d 497, 500 (3d Cir. 1991). Further, McKinnon argues that the Court overlooked the principle that a prisoner bringing a claim of retaliation must demonstrate that "that his exercise of a constitutional right was a substantial or motivating factor in the challenged decision." See Rauser v. Horn, 241 F.3d 330, 334 (3d Cir. 2001).

The Court did not overlook the standard to be applied in deciding a motion for summary judgment or the plaintiff's burden in a retaliation case. In opposing the motion for summary judgment, Plaintiff did not rely on mere allegations; he produced evidence, the custody classification form. This form gives rise to more than a "metaphysical doubt as to the material facts;" it creates a genuine issue of material fact as to whether Plaintiff's protected activity was a motivating factor in the decision at issue.

### B. Legitimate Penological Reasons

McKinnon argues that the Court overlooked dispositive facts in finding a genuine issue of material fact as to whether the decision to deny Plaintiff's transfer and apply the PSF would have been made absent Plaintiff's protected activity for reasons reasonably related to a legitimate penological interest. In finding a genuine issue of material fact, the Court noted the temporal proximity between the protected activity and the application of the PSF. The Court also noted the fact that the PSF, which was based on a violation that occurred in 2002, appeared in June of 2004, but did not appear on several custody classification forms earlier in 2004.

McKinnon argues that the Court overlooked a declaration in which Pecoraio explained his reasons for denying Plaintiff's transfer and ordering the application of the PSF. The Court did not overlook Pecoraio's declaration. The Court found that Defendants had offered evidence that the decision to deny Plaintiff's transfer and apply the PSF would have been made absent Plaintiff's protected conduct for legitimate penological reasons. At the same time, however, the Court found that the timing of the application of the PSF raised a genuine issue as to whether the same decision would have been made absent Plaintiff's protected activity.

McKinnon also argues that this Court overlooked the declaration in which Bullock stated that he updated the custody classification form to document the Regional Office's decision, and the fact that the adverse action at issue in this lawsuit is not the updating of the custody classification form, but rather the Regional Office's decision to deny the transfer and apply the PSF. McKinnon made these arguments with respect to his lack of involvement in the decision at issue in this case, and the Court addressed them earlier in this Opinion.

## IV. CONCLUSION

For the foregoing reasons, the Court finds that McKinnon has failed to demonstrate that the Court overlooked dispositive facts or controlling law in reaching its prior decision. Thus, McKinnon's motion for reconsideration is denied. An accompanying order shall issue today.


Dated: 6-23-09                                         /s/ Robert B. Kugler
                                                       ROBERT B. KUGLER
                                                       United States District Judge